IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HOPKINS, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| MGM GROWTH PROPERTIES LLC, PAUL | : **SECURITIES EXCHANGE ACT OF 1934** |
| SALEM, THOMAS ROBERTS, COREY | : |
| SANDERS, JOHN MCMANUS, DAN | : |
| TAYLOR, KATIE COLEMAN, CHARLES | : |
| IRVING, MGM GROWTH PROPERTIES | : |
| OPERATING PARTNERSHIP LP, VICI | : |
| PROPERTIES INC., VICI PROPERTIES OP | : |
| LLC, VICI PROPERTIES L.P., VENUS SUB | : |
| LLC, and MGM RESORTS | : |
| INTERNATIONAL, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On August 4, 2021, MGM Growth Properties LLC ("MGM" or the "Company") entered into a master transaction agreement (the "Merger Agreement") with MGM Growth Properties Operating Partnership LP (the "Company LP"), VICI Properties Inc. ("Parent"), Venus Sub LLC ("REIT Merger Sub"), VICI Properties L.P. ("Parent OP"), and VICI Properties OP LLC ("New Parent OP," and together with Company LP, Parent, REIT Merger Sub, Parent OP, and MGM Resorts International ("MRI"), the "Merger Entities") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, MGM's stockholders will receive 1.366 shares of Parent per share.

3. On September 23, 2021, defendants filed a prospectus (the "424B3") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the 424B3 fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of MGM common stock.

9. Defendant MGM is a Delaware corporation. MGM's common stock is traded on the New York Stock Exchange under the ticker symbol "MGP."

10. Defendant Paul Salem is Chairman of the Board of Directors of MGM (the "Board").

11. Defendant Thomas Roberts is a member of the Board.

12. Defendant Corey Sanders is a member of the Board.

13. Defendant John McNaus is a member of the Board.

14. Defendant Dan Taylor is a member of the Board.

15. Defendant Katie Coleman is a member of the Board.

16. Defendant Charles Irving is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

18. Defendant Company LP is a Delaware limited partnership and a party to the Merger Agreement.

19. Defendant Parent is a Maryland corporation and a party to the Merger Agreement.

20. Defendant REIT Merger Sub is a Delaware limited liability company and a party to the Merger Agreement.

21. Defendant Parent OP is a Delaware limited partnership and a party to the Merger Agreement.

22. Defendant New Parent OP is a Delaware limited liability company and a party to the Merger Agreement.

23. Defendant MRI is a Delaware corporation, the majority shareholder of MGM, and a party to the Merger Agreement.

**SUBSTANTIVE ALLEGATIONS**

24. MGM is an S&P 500® global entertainment company with national and international locations featuring best-in-class hotels and casinos, state-of-the-art meetings and conference spaces, incredible live and theatrical entertainment experiences, and an extensive array of restaurant, nightlife and retail offerings.

25. On August 4, 2021, MGM's Board caused the Company to enter into the Merger Agreement.

26. The press release announcing the Proposed Merger provides as follows:

VICI Properties Inc. (NYSE: VICI) ("VICI Properties" or "VICI"), MGM Growth Properties LLC (NYSE: MGP) ("MGP") and MGM Resorts International (NYSE: MGM) ("MGM Resorts"), MGP's controlling shareholder, announced today that they have entered into a definitive agreement (the "Master Transaction Agreement") pursuant to which VICI Properties will acquire MGP for total consideration of $17.2 billion, inclusive of the assumption of approximately $5.7 billion of debt. Upon completion of the merger, VICI will have an estimated enterprise value of $45 billion, firmly solidifying VICI's position as the largest experiential net lease REIT while also advancing VICI's strategic goals of portfolio enhancement and diversification.

Under the terms of the Master Transaction Agreement, MGP Class A shareholders will receive 1.366 shares of newly issued VICI stock in exchange for each Class A share of MGP. The fixed exchange ratio represents an agreed upon price of $43.00 per share of MGP Class A shares based on VICI's trailing 5-day volume weighted average price of $31.47 as of July 30, 2021 and represents a 15.9% premium to MGP's closing stock price on August 3, 2021. MGM Resorts will receive $43.00 per unit in cash for the redemption of the majority of its MGP Operating Partnership units ("OP Units") that it holds for total cash consideration of approximately $4.4 billion and will also retain approximately 12 million units in a newly formed operating partnership of VICI Properties. The MGP Class B share that is held by MGM Resorts will be cancelled and cease to exist.

Simultaneous with the closing of the transaction, VICI Properties will enter into an amended and restated triple-net master lease with MGM Resorts. The lease will have an initial total annual rent of $860.0 million, inclusive of MGP's pending acquisition of MGM Springfield, and an initial term of 25 years, with three 10-year tenant renewal options. Rent under the amended and restated master lease will escalate at a rate of 2.0% per annum for the first 10 years and thereafter at the greater of 2.0% per annum or the consumer price index ("CPI"), subject to a 3.0% cap. Additionally, VICI will retain MGP's existing 50.1% ownership stake in the joint venture with Blackstone Real Estate Income Trust, Inc. ("BREIT JV"), which owns the real estate assets of MGM Grand Las Vegas and Mandalay Bay. The BREIT JV lease will remain unchanged and provides for current annual base rent of approximately $298 million and an initial term of 30 years, with two 10-year tenant renewal options. Rent under the BREIT JV lease escalates at a rate of 2.0% per annum for the first 15 years and thereafter at the greater of 2.0% per annum or CPI, subject to a 3.0% cap. On a combined basis, the MGM master lease and BREIT JV lease will deliver initial attributable rent to VICI of approximately $1.0 billion.

The transaction was approved by the Board of Directors of each of MGM Resorts, MGP and VICI Properties (and, in the case of MGP, the Conflicts Committee). The parties expect the transaction to close in the first half of 2022, subject to customary closing conditions, regulatory approvals and approval by the stockholders of VICI Properties. The VICI Properties Board of Directors and management team will remain unchanged.

**Strategic Merits**

- **Immediately accretive to AFFO per share:** The transaction extends VICI Properties' track record of consistent value creation since its formation in 2017 and is expected to provide immediate, high quality, accretion to AFFO per share upon closing
- **Enhances portfolio quality, size, and scale at significant discount to replacement cost:** VICI Properties will add 15 Class A entertainment resort properties spread across 9 regions comprising 33,000 hotel rooms, 3.6 million square feet of meeting and convention space and hundreds of food, beverage and entertainment venues to its portfolio at an estimated 30% to 40% discount to replacement cost. Following the transaction, approximately 55% of VICI's rent base will be generated by market-leading Regional properties while the remaining 45% will come from properties on the Las Vegas Strip
- **Significantly diversifies tenant base:** Upon Closing, VICI Properties' top tenant concentration will be reduced to ~41% (from 84% currently) while 84% of VICI Properties' rent roll will be derived from S&P 500 tenants with a track record of having paid 100% of rent, on time and in cash throughout the COVID-19 pandemic
- **Adds a global leader in hospitality and entertainment to tenant roster:** The transaction adds a 55-year master lease, inclusive of tenant renewal options, with inflation protection through a CPI kicker and a corporate guarantee from MGM Resorts, an S&P 500 global entertainment company with national and international locations
- **Bolsters retained cash flow and strengthens ability to fund accretive growth:** Following the acquisition of MGP and the pending acquisition of the real estate of the Venetian Resort and Sands Expo Center, VICI Properties is expected to retain approximately $500 million of annualized free cash flow, after dividend payments, which may be deployed toward highly attractive growth opportunities across gaming and other experiential sectors
- **Positions balance sheet for investment grade status:** The transaction will position VICI Properties' balance sheet for investment grade status as VICI eliminates all of its existing secured debt and establishes an unencumbered asset pool
- **Amplified index demand and trading liquidity:** The transaction unlocks significant new index eligibility for MGP Class A shareholders while allowing investors in the combined company to benefit from index rebalancing, given the significantly larger size, and strong positioning for S&P 500 inclusion and enhanced trading liquidity

- **Lower cost of capital given larger scale, diversity, improved credit profile and enhanced index inclusion:** With improving cost of capital and retained cash flow, VICI is positioned to continue to grow its portfolio accretively in both gaming and non-gaming sectors

Additional details can be found in the Transaction Overview presentation posted on the VICI Properties website.

"Through this transformative strategic acquisition, we are merging MGP's best-in-class portfolio into VICI's best-in-class management and governance platform, creating the premier gaming, entertainment and leisure REIT in America," said Ed Pitoniak, CEO of VICI Properties. "We want to thank James Stewart, Andy Chien and the MGP Board for building and stewarding a portfolio of such exceptional quality, and going forward we are honored to become a key real estate and capital partner for Bill Hornbuckle and the MGM Resorts management team and Board. We look forward to supporting their strategic growth objectives for decades to come."

"After many years of growing both of our portfolios, combining them into one company will generate the best results for the shareholders of both companies," said James Stewart, CEO of MGP. "The combined company will create a superior platform for delivering exceptional returns to MGP's existing shareholders, by improving diversification, increasing scale, lowering cost of capital and benefiting from future growth."

Bill Hornbuckle, CEO and President of MGM Resorts, said, "This transaction unlocks the significant real estate value of our assets, enhances our financial flexibility and strengthens our ability to execute key growth initiatives. We look forward to our long-term partnership with VICI."

**Financing**

VICI Properties has secured a $9.3 billion financing commitment from Morgan Stanley, J.P. Morgan and Citibank.

**Advisors**

Morgan Stanley & Co LLC is acting as lead strategic and financial advisor to VICI Properties on the transaction. Citigroup Global Markets Inc. is also acting as financial advisor to VICI Properties. Hogan Lovells US LLP and Kramer Levin Naftalis & Frankel LLP are serving as legal advisors to VICI Properties. Baker Botts LLP is serving as legal advisor to MGP. Evercore is acting as financial advisor and Potter Anderson & Corroon LLP is serving as legal advisor to the Conflicts Committee of the MGP Board of Directors. J.P. Morgan is acting as

financial advisor and Weil, Gotshal & Manges LLP is serving as legal advisor to MGM Resorts.

27. On September 23, 2021, defendants filed the 424B3, which fails to disclose material information regarding the Proposed Merger.

<u>Financial Projections</u>

28. The 424B3 fails to disclose material information regarding MGM's and VICI's financial projections, specifically: the line items used to calculate the financial projections.

29. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

<u>Financial Analyses</u>

30. The 424B3 fails to disclose material information regarding the financial analyses conducted by Evercore Group L.L.C. ("Evercore") and Morgan Stanley & Co LLC ("Morgan Stanley"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

31. Regarding Evercore's Discounted Cash Flow Analyses, the 424B3 fails to disclose: (i) the terminal values used in the analyses; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) the basis for selecting the multiples used in the analyses; (iv) the net debt used in the analyses; and (v) the number of fully-diluted shares outstanding used in the analyses.

32. Regarding Evercore's Premiums Paid Analysis, the 424B3 fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the observed transactions.

33. Regarding Evercore's Analysts' Price Targets analyses, the 424B3 fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources of the price targets.

34. Regarding Morgan Stanley's Comparable Public Company Analysis, the 424B3 fails to disclose the individual multiples for the companies observed in the analysis.

35. Regarding Morgan Stanley's Dividend Discount Analyses, the 424B3 fails to disclose: (i) the dividends used in the analyses; (ii) the terminal values used in the analyses; (iii) the basis for selecting the multiples used in the analyses; and (iv) the inputs and assumptions underlying the discount rates used in the analyses.

36. Regarding Morgan Stanley's Discounted Cash Flow Analyses, the 424B3 fails to disclose: (i) the terminal values used in the analyses; (ii) the inputs and assumptions underlying the discount rates used in the analyses; (iii) the basis for selecting the multiples used in the analyses; and (iv) the debt, cash, and number of fully diluted shares used in the analyses.

37. Regarding Morgan Stanley's Premiums Paid Analysis, the 424B3 fails to disclose the premiums paid in the transactions observed in the analysis.

38. Regarding Morgan Stanley's Research Analyst Price Targets analyses, the 424B3 fails to disclose: (i) the price targets observed in the analyses; and (ii) the sources of the price targets.

<u>Background of the Proposed Merger and Potential Conflicts of Interest</u>

39. The 424B3 fails to disclose the timing and details of all discussions regarding post-merger employment.

40. The 424B3 fails to disclose the timing and details of the prior services Evercore conducted for the parties to the Merger Agreement and/or their affiliates.

41. The 424B3 fails to disclose the timing and details of the prior services Morgan Stanley conducted for the parties to the Merger Agreement and/or their affiliates.

## COUNT I

**Claim Against the Individual Defendants and MGM for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

42. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

43. The Individual Defendants disseminated the false and misleading 424B3, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

44. MGM is liable as the issuer of these statements.

45. The 424B3 was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the 424B3.

46. The Individual Defendants were at least negligent in filing the 424B3 with these materially false and misleading statements.

47. The omissions and false and misleading statements in the 424B3 are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

48. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the 424B3 and in other information reasonably available to stockholders.

49. The 424B3 is an essential link in causing plaintiff to approve the Proposed Merger.

50. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

51. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants and the Merger Entities for Violation of Section 20(a) of the Exchange Act**

52. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

53. The Individual Defendants and the Merger Entities acted as controlling persons of MGM within the meaning of Section 20(a) of the Exchange Act as alleged herein.

54. Due to their positions as officers and/or directors of MGM and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the 424B3, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

55. Each of the Individual Defendants and the Merger Entities was provided with or had unlimited access to copies of the 424B3 alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

56. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

57. The 424B3 contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the 424B3.

58. Accordingly, the Individual Defendants and the Merger Entities violated Section 20(a) of the Exchange Act.

59. The Individual Defendants and the Merger Entities had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

60. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

61. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a 424B3 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated:  October 18, 2021                    **GRABAR LAW OFFICE**

                              By:   _____
                                    Joshua H. Grabar (#82525)
                                    One Liberty Place
                                    1650 Market Street, Suite 3600
                                    Philadelphia, PA 19103
                                    267-507-6085
                                    jgrabar@grabarlaw.com

                                    *Counsel for Plaintiff*